# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TYRONE MICHAEL BRINKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07CV958 |
| | ) | |
| THEODIS BECK, Secretary, | ) | |
| North Carolina Department of | ) | |
| Correction, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On April 10, 2001, Petitioner Tyrone Michael Brinkley pled guilty in the Superior Court of Durham County to one count of driving while impaired (DWI), nine counts of larceny, one count of possession of stolen goods, and seven counts of breaking and entering. He was sentenced to a term of twelve months in prison on the DWI conviction, and his sentence was made to run concurrent with a sentence he had previously received for assault with a deadly weapon with intent to kill inflicting serious injury. He also received three 11- to 14-month sentences for the remainder of his convictions. The sentencing judge ordered that these sentences should begin to run at the expiration of Petitioner's sentence for the DWI conviction. The court then suspended the 11-14 month sentences and imposed a 36-month period of supervised probation. Petitioner Brinkley was represented during his plea and sentencing by attorney Mark J. Simeon.

Respondent ("the State") has submitted records from the North Carolina state courts and the Department of Correction ("DOC"). DOC records show that Petitioner was released from the DWI sentence on September 26, 2001. He remained incarcerated on his assault conviction until August 25, 2003, when the North Carolina Court of Appeals vacated that conviction. *See State v. Brinkley*, 159 N.C. App. 446 (2003).

On or about July 2, 2002, Petitioner submitted a Motion for Appropriate Relief to the superior court, arguing that his 12-month sentence for his DWI conviction was not running concurrent to his sentence for assault. On March 14, 2003, Petitioner, through counsel, filed an amendment to his MAR. No records submitted by the State indicate that the MAR and Amended MAR were ever ruled upon by the superior court, although at one time (May 2003) a superior court judge ordered an evidentiary hearing on the matter.

Beginning on August 29, 2002, Petitioner filed a series of *pro se* mandamus petitions in the North Carolina Court of Appeals. These petitions were all summarily denied. On September 7, 2006, Petitioner Brinkley filed another *pro se* petition for a writ of mandamus in the North Carolina Court of Appeals. That court denied the petition on September 26, 2006.

On April 5, 2007, Petitioner filed a *pro se* document in the Supreme Court of North Carolina which he entitled "Petition for Discretionary Review" concerning his convictions challenged herein and an unrelated assault charge. The court denied review. *See State v. Brinkley*, ___ N.C. ___, 648 S.E.2d 848 (June 27, 2007)(unpublished)(slip op. at Docket No.

7, Ex. 22.) Thereafter, Petitioner filed two additional petitions for a writ of mandamus in the state appellate courts, but the petitions were denied. Department of Correction records show that Petitioner, as of March 2, 2008, was incarcerated under February 13, 2006 sentences imposed on the basis of, among other things, having attained the status of an habitual felon. (*Id.,* Ex. 29.)

Petitioner Brinkley submitted his habeas corpus petition to this court on December 14, 2007. The court now reviews that petition.

## Claims of the Petition

In his habeas petition to this court, Petitioner challenges his 2001 convictions upon grounds that (1) he received ineffective assistance of counsel, (2) his convictions were obtained by a guilty plea that was involuntary and unknowing, (3) he was denied due process and equal protection of the law, and (4) the State breached its plea agreement with him.

## Discussion

This Court has jurisdiction to entertain the habeas corpus petition of Tyrone Michael Brinkley only if Petitioner was "in custody" under the convictions he challenges at the time he filed his habeas corpus petition in December 2007. *See* 28 U.S.C. § 2254(a). In order to satisfy the "in custody" requirement for federal jurisdiction, a petitioner must suffer some "present restraint" from the convictions. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Upon review, and for reasons set forth below, the Court finds that Petitioner does not meet the "in

-3-

custody" requirement for federal jurisdiction with respect to the 2001 convictions he challenges in this proceeding. The court lacks jurisdiction to entertain the petition.

According to DOC records, Petitioner Brinkley was released from custody under his DWI conviction on September 26, 2001. (Docket No. 7, Ex. 29.) Petitioner's probationary sentences on his other convictions challenged herein have all long expired. Under state law, since the trial court set no conditions on the commencement of Petitioner's probation, his period of probation began immediately upon the day of sentencing, April 10, 2001. *See* N.C. Gen. Stat. §15A-1346 (a) and (b); *see also State v. Surratt*, 177 N.C. App. 551 (2006)(where trial court does not impose conditions on commencement of probation, probation begins at sentencing and runs concurrently to any active term the defendant may be serving at the time). Petitioner's probationary sentences therefore expired on April 10, 2004. State records show no probation violation report or any attempt by the State at any time to modify or revoke Petitioner's probation.

In response to the State's motion to dismiss for lack of jurisdiction, Petitioner makes three arguments. He argues that he "was of the knowledge that the probation had been stayed because of the evidentiary hearing that was ordered [in May 2003]." (Docket No. 8, Petr's Resp. at 2.) He asserts that the State has failed to present documentation to show that his probation has expired under the 2001 sentences. (*Id.* at 3.) And he argues that certain 2001 traffic and other charges were not dismissed under the plea agreement, as promised, and he

remains "in custody" as to these charges because they are still pending. (Docket No. 10, Amend. to Answer at 1.)

Petitioner's first argument has no merit. The MAR Order for an evidentiary hearing imposed no stay upon the running of Petitioner's probation. (Docket No. 7, Ex. 3.) His second argument, that the State has no filed documents showing the expiration of his probation, fares no better. Expiration of Petitioner's probation occurred as a matter of state law. The State has shown the commencement of Petitioner's probation on April 10, 2001. DOC records and Durham Superior Court records show no action by the State to revoke or modify Petitioner's probation. Accordingly, the probationary sentences expired by operation of law on April 10, 2004. And Petitioner's third argument is specious. Even assuming his plea agreement was breached (which the State denies and supports with court records), the mere pendency of 2001 charges against Petitioner would not serve to place him "in custody" with regard to the convictions he challenges in this action. He is under no "present restraint" related to those allegedly pending charges.

<u>Conclusion</u>

For reasons set forth above, **IT IS RECOMMENDED** that the State's motion to dismiss (Docket No. 7) be granted and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 18, 2008